UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARYANNE DIGGS,<br><br>                   Plaintiff,<br>   v.<br><br>BLOCH, *et al.*,<br><br>                  Defendants. | Case No. 3:15-cv-00510-MMD-VPC<br><br>ORDER ADOPTING AND ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

      Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 11) ("R&R"). Plaintiff was given until April 24, 2017, to object to the R&R (*see* ECF No. 11). On April 21, 2017, plaintiff filed a motion to extend time to file objections (ECF No. 12) and was granted an extension until May 24, 2017 (ECF No. 14). To date, no objection to the R&R has been filed.

      This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R. On January 3, 2017, the Magistrate Judge screened and dismissed Plaintiff's amended complaint without prejudice and gave Plaintiff until February 2, 2017, to file an amended complaint to address the deficiencies of her claims. (ECF No. 10.) The Magistrate Judge advised Plaintiff that her failure to timely file an amended complaint will lead to a recommendation to dismiss her complaint with prejudice. (*Id.* at 8.) On April 10, 2017, two months after expiration of the time for Plaintiff to file an amended complaint, the Magistrate Judge issued the R&R, recommending dismissal of the complaint with prejudice because of Plaintiff's failure to comply with the dismissal order. (ECF No. 11.) Plaintiff had until April 24, 2017, to file an objection to the R&R. On April 21, 2017, Plaintiff filed a motion, seeking an indefinite extension of time to file an amended complaint without stating any reason supporting her request as required under LR IA 6-1(a). (ECF No. 13.) Despite these deficiencies, the Court granted Plaintiff an extension until May 24, 2017, to file an amended complaint. (ECF No. 14.) With this extension, Plaintiff was essentially given over 120 days to file an amended complaint. To date, Plaintiff has not filed an amended complaint or asked for another extension of time. Under these circumstances, the Court agrees with the Magistrate Judge's recommendation and will adopt the R&R.

///

1 It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No.11) is accepted and adopted in its entirety.

It is ordered that the complaint (ECF No. 8) is dismissed with prejudice.

It is further ordered that the Clerk close this case.

DATED THIS 31st day of May 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE